UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fnu Brunhilda, | Case No.: 21-CV-1299 (PJS/DTS) |
| Plaintiff, | |
| v. | |
| Purdue University Global and Indiana Commission of Higher Education, | **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM REGARDING PERSONAL JURISDICTION** |
| Defendants. | |

Plaintiff Fnu Brunhilda respectfully submits this supplemental brief regarding *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990). Put simply, *Knowlton* is binding precedent, and nothing in the Supreme Court's intervening decisions in *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915 (2011) or *Daimler AG v. Bauman*, 571 U.S. 117 (2014) calls the vitality of *Knowlton* into question—particularly as it pertains to specific jurisdiction over Defendant Purdue University Global ("Purdue") for claims that are related to the educational services it registered to offer in Minnesota.

In *Knowlton*, the Eighth Circuit clearly held: "[o]ne of the most solidly established ways of giving such consent [to the exercise of personal jurisdiction] is to designate an agent for service of process within the State." 900 F.2d at 1199. This is because appointment of an agent for service of process is "a traditionally recognized and well-accepted species of general consent . . . of *such long standing as to be taken for granted*." *Id.* at 1200 (emphasis added). Thus, "appointment of an agent for service of process . . . gives consent to the jurisdiction of Minnesota courts for any cause of action." *Id.*

Purdue does not dispute that it is registered to transact business in this state to offer educational services—and has been since 2018. In fact, it appears that Purdue has registered to offer its educational services in *every* state, according to a brief search of the surrounding Secretary of State filings for Iowa, North Dakota, South Dakota, and Wisconsin.[1] This is because Purdue actively provides educational services to residents like Plaintiff (who once resided in Minnesota) in Minnesota and throughout the country.

Purdue registers to transact business in Minnesota because it recognizes it must by law, and it also wishes to avail itself of the benefits and protections of Minnesota law. Registering and appointing an agent for service of process in Minnesota grants Purdue the *privilege* to "transact business" in the state; it is not authorized to do so without registering. Minn. Stat. §§ 303.03, 303.10. By registering to transact business, Purdue avails itself of the "same rights and privileges that a domestic corporation would possess . . . and shall be subject to the laws of this state." Minn. Stat. § 303.09. As the Supreme Court has put it, by registering and appointing an agent for service of process, Purdue "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Purdue is not forced to offer educational services in Minnesota; that is entirely its *voluntary choice*. But by registering to transact business and appointing an agent for service of process, Purdue agrees to be "subject to the laws of this state." Minn. Stat. § 303.09. In

---

[1] As an aside, there is a certain irony in Purdue University *Global* claiming it is not subject to personal jurisdiction—much like *International* Shoe Company.

2

this, Purdue knowingly and purposefully consents to the jurisdiction of the courts venued in this state. Just like other educational institutions who register in Minnesota, it is therefore subject—at a bare minimum—to suit in Minnesota related to the educational services it registered to transact. For example, the Attorney General could pursue litigation in Minnesota against Purdue for deceptive practices, as he has against other educational institutions. *E.g.*, *State v. Minnesota Sch. of Bus., Inc.*, 935 N.W.2d 124 (Minn. 2019).

Although some litigants have attempted to argue that their consent to be "subject to the laws of this state" ought to be disregarded and that *Knowlton* is no longer good law, this Court has consistently held that "because *Knowlton* remains good law in the Eighth Circuit, this Court is bound by it." *Lehman Bros. Holdings Inc. v. LendingTree, LLC*, No. 20-CV-1351 (SRN/HB), 2021 WL 1087695, at *8 (D. Minn. Mar. 22, 2021); *e.g.*, *Pers. Wealth Partners, LLC, v. Ryberg*, No. 21-CV-2722 (WMW/DTS), 2022 WL 154525, at *2 (D. Minn. Jan. 18, 2022) (most recent decision applying *Knowlton*). Purdue has not cited a <u>single</u> case from this District declining to apply *Knowlton*—there is none.

Rather, Purdue argues that the Supreme Court's decisions in *Goodyear* and *Daimler* effectively abrogated *Knowlton*. This is a stretch of longer-than "long-arm" proportions when it comes to registration in Minnesota. First, in *Goodyear*, the Supreme Court held that foreign subsidiaries of a tire manufacturer were not subject to suit in North Carolina for an accident that occurred in France. *See* 564 U.S. at 918. In its discussion, the Supreme Court specifically noted: "In contrast to the parent company, Goodyear USA, which does not contest the North Carolina courts' personal jurisdiction over it, petitioners are *not registered to do business in North Carolina*." *Id.* at 921 (emphasis added). And the

3

Supreme Court reiterated that, *absent consent to suit* in the forum, mere "continues activity of some sorts within a state" is "not enough to support the demand that the corporation be amenable to suits *unrelated to that activity*." *Id.* at 927-28 (emphasis added) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945) and *Donahue v. Far Eastern Air Transport Corp.*, 652 F.2d 1032, 1037 (D.C. Cir. 1981)). In summary, the out-of-state corporations in *Goodyear* had neither registered to do business in North Carolina, nor had they consented to suit. Furthermore, the action at issue was completely unrelated to the out-of-state corporations' conduct in North Carolina.

In *Daimler*, the Court again faced a situation in which an out-of-state company based in Germany was sued in California on claims ultimately "having nothing to do with anything that occurred or had its principal impact in California." 571 U.S. at 139. As in *Goodyear*, the Supreme Court reaffirmed its precedent that there is no general jurisdiction over an out-of-state defendant *in the absence of consent to suit* in the state at issue. *Id.* at 129 (citing *Goodyear*, 564 U.S. at 928). It also reaffirmed that specific jurisdiction enables courts to "hear claims against out-of-state defendants when the episode-in-suit occurred in the forum or the defendant *purposefully availed itself* of the forum." *Id.* at 128 (emphasis added). In *Daimler*, the German company had not consented to suit in California, and it had not availed themselves of the benefits and protections of California law.

*Goodyear* and *Daimler* bear little resemblance to the case before the Court. Neither case involved registration to do business that, by its terms, entitled the out-of-state defendant to "same rights and privileges that a domestic corporation would possess," while at the same time required that the defendant "shall be subject to the laws of this state."

4

Minn. Stat. § 303.09. Neither case involved consent to suit by registration and appointment of an agent for service of process. Here, by contrast, Purdue *has* registered to do business in Minnesota and thus *has* consented to be subject to the laws of this state pursuant to the plain terms of Minnesota Statute § 303.09. Other states' registration statutes may be mere "bureaucratic measures," but Minnesota's specifically states that registrants have the same rights *and responsibilities* as residents. Through Minnesota registration, Purdue has availed itself of the benefits and protections of Minnesota law. *See Hanson*, 357 U.S. at 253.

Furthermore, both cases involved issues of *general* jurisdiction, not *specific* jurisdiction—as do the other cases cited by Purdue from other circuits and districts. Here, the Court is not faced with a difficult decision of whether to assert general jurisdiction over Purdue for claims having nothing to do with the educational business Purdue registered to transact in this state. Instead, Plaintiff's claims are directly related to Purdue's business of providing educational services in this state. Thus, even if *Daimler* and *Goodyear* changed the general personal jurisdiction analysis as to claims having nothing to do with the defendant's contacts with the forum, the Court need not rely on general personal jurisdiction and instead may rely on Purdue's contacts with Minnesota and consent to jurisdiction specifically related to the business it registered to transact in this state.

For these reasons, Plaintiff respectfully requests that the Court deny Purdue's motion to dismiss on personal jurisdiction grounds under *Knowlton*.

Respectfully Submitted,

Dated: February 1, 2022 **WINTHROP & WEINSTINE, P.A.**

*s/ Kyle R. Kroll*
Kyle R. Kroll, #0398433
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400
kkroll@winthrop.com

*Attorney by Limited Appearance for Plaintiff Fnu Brunhilda*

23347992v1