UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FNU BRUNHILDA,<br><br>  Plaintiff,<br><br>vs.<br><br>PURDUE UNIVERSITY GLOBAL and INDIANA COMMISSION OF HIGHER EDUCATION,<br><br>  Defendants. | Case No. 0:21-cv-01299-PJS-DTS |

**DEFENDANT'S MOTION TO CERTIFY DISPOSITIVE ISSUE FOR INTERLOCUTORY APPEAL AND STAY PROCEEDING PENDING APPEAL**

Defendant Purdue University Global, Inc. hereby respectfully submits its Brief in Support of its Motion to Certify Dispositive Issue for Interlocutory Appeal and Stay Proceedings Pending Appeal. Purdue Global seeks certification of the Court's February 2, 2022 Order denying its motion to dismiss based on personal jurisdiction, including the application of *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990), to the personal jurisdiction issue. [Doc. 84].

**I.   Introduction.**

In its motion to dismiss, Purdue Global demonstrated that it is not at home in Minnesota and did not engage in sufficient minimum contacts with Minnesota to confer personal jurisdiction. [Doc. 41]. Addressing Eighth Circuit precedent related to entities that register to do business in Minnesota, *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990), Purdue Global further argued that *Knowlton* is no longer good law in light of Supreme Court due process precedent. [*See* Doc. 81 at 2 (citing *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915 (2011), and *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014))].

Although the Court found personal jurisdiction based on *Knowlton,* there is a strong difference of opinion as to whether *Knowlton* remains good law. Further, the personal jurisdiction issue is a controlling question of law, and immediate appeal of this issue may materially advance the termination of this case. *See In re Mun. Stormwater Pond*, 429 F. Supp. 3d 647, 654 (D. Minn. 2019) (applying *Knowlton* and finding personal jurisdiction existed but noting that issue was appropriate for interlocutory appeal) ("The issue of consenting to personal jurisdiction by registering to do business, but not actually doing business, in a state seems ripe for the type of appeal envisioned by 28 U.S.C. § 1292(b)."). Accordingly, Purdue Global respectfully moves this Court to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay discovery and other proceedings in this case pending disposition of the appeal.

## II.   Discussion.

The necessary elements to certify this issue for interlocutory appeal are satisfied. Interlocutory appeals should be granted where such an appeal (1) "involves a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *GreenState Credit Union v. Hy-Vee, Inc.*, 500 F. Supp. 3d 799, 807 (D. Minn. 2020) (citing 28 U.S.C. § 1292(b); *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994)). The Court has previously found all such elements to be met on this same issue. *See Hy-Vee, Inc.,* 500 F. Supp. 3d at 807. *See also In re Mun. Stormwater Pond*, 429 F. Supp. 3d at 654 (D. Minn. 2019).

### A.   Whether *Knowlton* Remains Good Law Is A Controlling Question Of Law.

Whether personal jurisdiction exists over Purdue Global is a controlling question of law. "[P]ersonal jurisdiction issues are non-discretionary and thus present controlling questions of law." *Murphy v. Lab. Source, LLC*, No. 19-CV-1929 (ECW), 2021 WL 527932, at *6 (D. Minn. Feb. 12, 2021) (citing *ASI, Inc. v. Aquawood, LLC, et al.*, No. CV 19-763 (JRT/HB), 2021 WL 396818,

at *2 (D. Minn. Feb. 4, 2021) (internal citation omitted)).  The Court cannot address the merits of Plaintiff's claims without personal jurisdiction over Purdue Global.  Purdue Global's motion to dismiss for lack of jurisdiction was denied on the basis of *Knowlton*.  [Doc. 84 at 2].  Thus, the issue of whether the Court properly has personal jurisdiction over Purdue Global based on *Knowlton* is a controlling question of law.  *See generally Hy-Vee, Inc.,* 500 F. Supp. 3d at 807; *Murphy* 2021 WL 527932, at *6.

### B. There Is Substantial Ground For Difference Of Opinion.

There is a substantial ground for difference of opinion as to whether *Knowlton* remains good law in light of the U.S. Supreme Court's decisions in *Daimler* and *Goodyear*.  In considering this element, the court looks to whether there is "a difference of opinion between the district courts of the controlling circuit."  *Murphy,* 2021 WL 527932, at *6 (citing *In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.,* No. 18-CV-0939 (WMW/DTS), 2020 WL 3530624, at *5 (D. Minn. June 30, 2020)).

District courts in the Eighth Circuit disagree whether *Knowlton* remains good law.  Certain courts have concluded that *Knowlton* remains controlling despite the Supreme Court due process precedent.  See *Murphy,* 2021 WL 527932, at *7 (collecting cases); *Am. Dairy Queen Corp. v. W.B. Mason Co., Inc.*, No. 18-cv-693 (SRN/ECW), 2019 WL 135699 at *6 (D. Minn. Jan. 8, 2019) ("The Court finds that, although persuasive arguments can be made that the holding of *Knowlton* is not reconcilable with the narrowing of the boundaries of due process that govern an analysis of minimum contacts and general personal jurisdiction under *Goodyear* and *Daimler*, this Court nonetheless remains bound by *Knowlton* which is controlling in this case).

Other courts within this district have gone one step further to expressly agree that the *Knowlton* decision is inconsistent with *Daimler* and *Goodyear,* but they nonetheless concluded that they were bound to follow it. *See*, *e.g*., *Hy-Vee, Inc.*, 2020 WL 6586230, at *5 ("Although

3

defendant makes a compelling argument that *Knowlton* is inconsistent with the Supreme Court's recent general jurisdiction decisions, the court agrees with other courts in this district that it is still bound by *Knowlton*."); *In re Mun. Stormwater Pond*, 429 F. Supp. 3d 647, 654 (D. Minn. 2019) ("While the Court is bound by *Knowlton*, the Court recognizes *Knowlton* may not comport with *Goodyear* and *Daimler*.").

Further, other courts within the Circuit have decided that *Knowlton*'s holding cannot survive current Supreme Court precedent. *See, e.g.*, *Alvarracin v. Volume Servs.*, Inc., No. 16-06115-CV-SJ-SWH, 2017 WL 1842701, at *2 (W.D. Mo. May 4, 2017) (agreeing "with the findings of those courts who have determined that *Knowlton*'s holding cannot survive in light of the holding in *Daimler*"); *Beard v. SmithKline Beecham Corp.*, No. 4:15-CV-1833-RLW, 2016 WL 1746113, at *2 (E.D. Mo. May 3, 2016) (agreeing "with more recent judicial precedent from the United States Supreme Court and this district that have determined that more substantial contacts" than appointing a registered agent in the forum state "are required to haul a litigant into the court's forum").

Moreover, most Circuits have expressly rejected the basis for personal jurisdiction found in *Knowlton*. *See Waite v. All Acquisition Corp.,* 901 F.3d 1307, 1318 (11th Cir. 2018) ("After *Daimler*, there is little room to argue that compliance with a state's bureaucratic measures render a corporation at home in a state.") (internal quotations omitted); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 640-41 (2nd Cir. 2016) (to confer consent to general jurisdiction based on "mere appointment of an agent for service of process" would create "precisely the result that the Court so roundly rejected in *Daimler*"); *King v. Am. Fam. Mut. Ins. Co.*, 632 F.3d 570, 573 (9th Cir. 2011); *Cossaboon v. Me. Med. Ctr.,* 600 F.3d 25, 37 (1st Cir. 2010); *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) (explaining that "[a] registered agent, from

4

any conceivable perspective, hardly amounts to the general business presence of a corporation so as to sustain an assertion of general jurisdiction") (internal citation omitted); *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239 (7th Cir. 1990); *Ratliff v. Cooper Labs., Inc.*, 444 F.2d 745 (4th Cir. 1971).

In light of the substantial difference of opinion between district courts within the Eighth Circuit, the second 1292(b) element is satisfied.

### C. Certification Will Materially Advance The Ultimate Termination Of The Litigation.

The reversal of the Court's Order on Purdue Global's personal jurisdiction defense would materially advance termination of this case. Indeed, it would result in dismissal of all claims against the sole remaining defendant. As such, certification of the issue in this case will not result in a piecemeal appeals process and would expedite this matter –avoiding further litigation and a potential trial altogether. *See White*, 43 F.3d at 376 ("It [has] long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants.").

The present case is distinct from *Murphy*. *Murphy*, 2021 WL 527932, at *5. Although the Court in *Murphy* found the first two elements of 1292(b) to be met, the Court noted that litigation would proceed irrespective of the outcome on interlocutory appeal. *Id.* at *7-8. Specifically, in *Murphy,* plaintiff alleged wage claims on behalf of a putative class, including plaintiffs who worked in Minnesota and nationwide, and the defendant-employers moved for only partial dismissal as to the plaintiffs who did not work in Minnesota. *Id.* at *1. In arguing the application of *Knowlton* to its personal jurisdiction defense, and seeking interlocutory appeal, the Court noted that the litigation would nonetheless proceed as to the Minnesota class. *Id*. at *8. The Court concluded that defendants could not use the appellate process to streamline the discovery process

by narrowing the size of the collective class. *See also ASI, Inc.,* 2021 WL 396818, at *3 (third element of 1292(b) not met where certain claims would still proceed against other defendants).

Unlike the *Murphy* case, interlocutory review of Purdue Global's personal jurisdiction issue will materially advance the termination of this litigation, as the lack of jurisdiction will result in dismissal of all claims against Purdue Global, the only remaining defendant. The Court's Order granted dismissal as to Defendant Indiana Commission for Higher Education, and Purdue Global is the only remaining defendant. Unlike the decision in *Murphy*, dismissal based on lack of jurisdiction over Purdue Global would result in dismissal of the entire remaining action. Accordingly, the interlocutory review of the personal jurisdiction issue will materially advance termination of this case, and the third 1292(b) element is satisfied.

### III. Conclusion.

For the reasons set forth herein, Defendant Purdue Global respectfully requests certification of its personal jurisdiction defense for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated: February 28, 2022                                   Respectfully Submitted,

*s/ Jackie S. Gessner*
John R. Maley (14300-89)
Jackie S. Gessner (32605-49)
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:   317-236-1313
Facsimile:    317-231-7433
E-mail:        john.maley@btlaw.com
                    jackie.gessner@btlaw.com

        Christopher L. Lynch (#0284154)
        **BARNES & THORNBURG LLP**
        2800 Capella Tower
        225 S. 6th Street, Suite 2800
        Minneapolis, Minnesota  55402
        Telephone:    612-367-8768
        Facsimile:     612-333-6798
        Email:          clynch@btlaw.com

        *Attorneys for Defendant*
        *Purdue University Global*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of February, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

>Fnu Brunhilda
>7357 Jensen Avenue South
>Cottage Grove, MN  55016
>ngwisahbrunhilda@yahoo.com
>
>Cicely R Miltich
>Office of the Minnesota Attorney General
>445 Minnesota Street, Suite 1100
>Saint Paul, MN  55101
>cicely.miltich@ag.state.mn.us
>
>Eliot Blackburn
>Office of Indiana Attorney General
>302 West Washington Street
>IGCS - 5th Floor
>Indianapolis, IN  46204
>eliot.blackburn@atg.in.gov
>
>Winston Lin
>Office of Indiana Attorney General
>302 West Washington Street
>IGCS - 5th Floor
>Indianapolis, IN  46204
>winston.lin@atg.in.gov

*s/ Jackie S. Gessner*
Jackie S. Gessner
