UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FNU BRUNHILDA, | Case No. 21-CV-1299 (PJS/DTS) |
| Plaintiff, | |
| v. | |
| | ORDER |
| PURDUE UNIVERSITY GLOBAL, INC.; and INDIANA COMMISSION FOR HIGHER EDUCATION, | |
| Defendants. | |

This is a pro se action brought against defendant Purdue University Global, Inc. ("Purdue"), by one of its former students, Fnu Brunhilda. Purdue moved to dismiss Brunhilda's claims against it for lack of personal jurisdiction. ECF No. 75. The Court denied Purdue's motion on the basis of *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1200 (8th Cir. 1990), which held that "appointment of an agent for service of process under [Minn. Stat.] § 303.10 gives consent to the jurisdiction of Minnesota courts for any cause of action, whether or not arising out of activities within the state."

Now before the Court is Purdue's motion to certify that denial for interlocutory appeal and stay proceedings pending that appeal. ECF No. 88; *see also* 28 U.S.C. § 1292(b). Purdue wants a chance to persuade the Eighth Circuit that *Knowlton* has been abrogated by recent decisions of the United States Supreme Court—in particular, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011), and *Daimler AG v.*

*Bauman*, 134 S. Ct. 746 (2014).  The Eighth Circuit has never addressed this issue, and district courts within the Eighth Circuit are divided.

"A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."  *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).  At a minimum, "certification is proper only when it will 'materially advance the ultimate termination of the litigation.'"  *Id.* at 378 (quoting *Paschall v. Kan. City Star Co.*, 605 F.2d 403, 406 n.10 (8th Cir. 1979)).

Here, certification would not materially advance the end of this litigation, because even if *Knowlton* is found to have been abrogated, Purdue may have sufficient contacts with Minnesota to allow this Court to exercise personal jurisdiction.  *See* ECF No. 41 at 6–13 (advancing several arguments for why Minnesota has neither general nor specific jurisdiction over Purdue); ECF No. 83 at 5 (contending that Minnesota has specific jurisdiction over Purdue even if there is no general jurisdiction).  Because this Court found that *Knowlton* was controlling, this Court did not address whether Purdue has sufficient contacts with Minnesota to permit the exercise of contact-based (rather than consent-based) personal jurisdiction.

In short, even if the Eighth Circuit were to hold that *Knowlton* is no longer good law, this litigation would not be over.  Rather, the Eighth Circuit would have to remand

the case for a determination of whether this Court can exercise personal jurisdiction over Purdue. Purdue's motion to certify is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the motion to certify for interlocutory appeal and stay proceedings pending that appeal [ECF No. 88] is DENIED.

Dated: March 1, 2022

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge