UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FNU BRUNHILDA, | Case No. 21-CV-1299 (PJS/DJF) |
| Plaintiff, | |
| v. | ORDER |
| PURDUE UNIVERSITY GLOBAL and INDIANA COMMISSION FOR HIGHER EDUCATION, | |
| Defendants. | |

Fnu Brunhilda, pro se.

Evan Kennedy, John R. Maley, and Christopher L. Lynch, BARNES & THORNBURG LLP, for defendant Purdue University Global.

Plaintiff Fnu Brunhilda, a former student at defendant Purdue University Global ("Purdue"), brought this action arising out of her dismissal from the school's online master's program in nursing.[1]  On May 30, 2023, the Court granted Purdue's motion for summary judgment as to all of Brunhilda's claims save for her claim that Purdue breached a contractual promise to help her find a preceptor.  ECF No. 122.

Purdue then moved for leave to file a supplemental summary-judgment motion as to that remaining claim.  ECF No. 124.  After holding a hearing on Purdue's motion

---

[1]Brunhilda also sued the Indiana Commission for Higher Education.  The Court granted the Commission's motion to dismiss all claims against it for lack of personal and subject-matter jurisdiction.  ECF No. 84.

for leave to supplement and discussing that motion with Brunhilda, the Court granted the motion and gave the parties the opportunity to file supplemental briefing and any additional evidence that they wished the Court to consider. ECF No. 133. The parties did not file any additional materials. Accordingly, having considered the existing record and largely for the reasons already explained in the Court's summary-judgment order, the Court grants summary judgment to Purdue on Brunhilda's remaining claim.

As explained more fully in the summary-judgment order, Purdue's nursing program requires students to complete a minimum number of clinical hours under the supervision of a preceptor. Brunhilda alleges that Purdue breached its promise to help her find a preceptor. *See* ECF No. 110-2 at 66 (Purdue clinical handbook stating that Purdue "will provide support and assistance to you in facilitation of your placement"). But it is undisputed that Brunhilda found a preceptor on her own and was able to begin her clinical coursework without any delay. Brunhilda Dep. 71, 79--80, 134. As a result, Brunhilda cannot prove that she was damaged by the alleged breach.

True, Brunhilda's preceptor later accused Brunhilda of misconduct, and that set in motion a series of events that ultimately led to Purdue dismissing Brunhilda from the program. To support her claim for damages, Brunhilda points to all of the negative consequences of her dismissal, including the time and expense of applying to other schools and the emotional damages and medical problems that she suffered due to

stress. In order to recover these damages, however, Brunhilda would have to prove that they were caused by Purdue's failure to help her find a preceptor. In other words, Brunhilda would have to prove that, had Purdue provided "support and assistance" to her when she looked for a preceptor, she would have found a different preceptor, and with that different preceptor, she would have successfully completed her studies and never experienced the negative consequences of her dismissal. *See Reuter v. Jax Ltd.*, 711 F.3d 918, 920 (8th Cir. 2013) (to prove damages for breach of contract, a plaintiff must prove that the loss was directly caused by the breach).

This theory of causation is too speculative and remote to support an award of damages. *See Leoni v. Bemis Co.*, 255 N.W.2d 824, 826 (Minn. 1977) ("damages which are speculative, remote, or conjectural are not recoverable" (citation and quotation marks omitted)); *DeRosier v. Util. Sys. of Am., Inc.*, 780 N.W.2d 1, 4–5 (Minn. Ct. App. 2010) (in breach-of-contract actions, consequential damages "are not recoverable unless they are reasonably foreseeable to the parties at the time of the breach"). In addition, emotional damages are, as a matter of law, not recoverable on Brunhilda's remaining claim. *See Lickteig v. Alderson, Ondov, Leonard & Sween, P.A.*, 556 N.W.2d 557, 561 (Minn. 1996) ("In general, extra-contractual damages, including those for emotional distress, are not recoverable for breach of contract except in those rare cases where the breach is accompanied by an independent tort."). And without proof of damages resulting from

the breach, Brunhilda cannot prevail on her claim for breach of contract. *See Jensen v. Duluth Area YMCA*, 688 N.W.2d 574, 578–79 (Minn. Ct. App. 2004) ("A breach of contract claim fails as a matter of law if the plaintiff cannot establish that he or she has been damaged by the alleged breach.").

The Court therefore grants Purdue's motion for summary judgment on Brunhilda's remaining claim.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's supplemental motion for summary judgment is GRANTED as to plaintiff's claim that defendant breached its contractual duty to assist plaintiff in finding a preceptor, and that claim is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 9, 2023             s/Patrick J. Schiltz
                                     Patrick J. Schiltz, Chief Judge
                                     United States District Court