UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FNU BRUNHILDA, | Case No. 21-CV-1299 (PJS/DJF) |
| Plaintiff, | |
| v. | ORDER |
| PURDUE UNIVERSITY GLOBAL and INDIANA COMMISSION FOR HIGHER EDUCATION, | |
| Defendants. | |

Fnu Brunhilda, pro se.

John R. Maley, BARNES & THORNBURG LLP, for defendant Purdue University Global.

Plaintiff Fnu Brunhilda, a former student at defendant Purdue University Global ("Purdue"), brought this action arising out of her dismissal from the school's online master's program in nursing. The Court granted summary judgment to Purdue on all of Brunhilda's claims. ECF Nos. 122, 134. Purdue then filed a bill of costs seeking a total of $3,817.15 for a transcript and video of Brunhilda's deposition. ECF No. 135. The Clerk of Court disallowed certain embedded fees and taxed a total of $3,485.15 in costs. ECF No. 140.

This matter is before the Court on Brunhilda's motion for review of taxation of costs. "Unless a federal statute, these rules, or a court order provides otherwise,

costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  The costs that may be awarded are enumerated in 28 U.S.C. § 1920.  *See Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009).  "A prevailing party is presumptively entitled to recover all of its costs."  *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005).

Among the costs permitted to the prevailing party under § 1920 are "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  A district court may tax costs of both the printed and electronic transcripts of the same deposition.  *See Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015).  There is no doubt that a transcript of Brunhilda's deposition was necessary to resolve Purdue's summary-judgment motion.  Similarly, Brunhilda's credibility would have been a critical issue at trial, and a video deposition would therefore also have been necessary.

Brunhilda argues that the video was not necessary because this case did not go to trial, but the Eighth Circuit has affirmed an award of costs for a video deposition under identical circumstances.  *See Barcomb v. Gen. Motors LLC*, 978 F.3d 545, 551 (8th Cir. 2020) (affirming award of costs for video deposition to defendant who prevailed at summary judgment because plaintiff's credibility would have been an issue at trial).  The Court therefore denies plaintiff's motion and affirms the award of costs.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff's motion for review of taxation of costs [ECF No. 144] is DENIED.

Dated:  January 2, 2024              s/Patrick J. Schiltz
                                     Patrick J. Schiltz, Chief Judge
                                     United States District Court